U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 25 2010

CLERK, U.S. DISTRICT COURT
By _____
           Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAS TANNER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2138-B |
| | § | |
| BANK OF AMERICA | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil action has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified civil action brought by Cas Tanner, a Texas citizen, against Bank of America, a North Carolina corporation. On November 6, 2009, plaintiff tendered a one-page complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of interrogatories then were sent to plaintiff in order to obtain additional information about the facts of this case and basis for federal subject matter jurisdiction. Plaintiff did not submit verified answers to either set of interrogatories. Instead, her answers are largely unresponsive to the questions asked by the court. In view of plaintiff's failure to establish

a basis for federal subject matter jurisdiction, the court determines that this case should be dismissed without prejudice.

II.

Plaintiff accuses Bank of America of "bad administration" and "discrimination based on race, fraud, perjury, duress, aggravation of pre existing medical condition ETC." (*See* Plf. Compl. at 1). Evidently, these claims arise out of three overdraft charges of $25.00 each imposed by the bank on plaintiff's checking account. (*See id.*; Sec. Mag. J. Interrog. #1). When asked to explain the factual and legal basis of her claims against the bank, plaintiff responded, "WHEREFORE, plaintiff respectfully request[s] that the Court grant restitution and such other and further relief that the Plaintiff is justly entitled to[,]" and then referenced her complaint. (*See* Mag. J. Interrog. #4). The court asked plaintiff the same question in a second set of interrogatories. This time, plaintiff explained that the bank improperly withdrew $75.00 in overdraft fees from her checking account. (*See* Sec. Mag. J. Interrog. #1). Nowhere in her complaint or interrogatory answers does plaintiff allege any facts to support her conclusory assertions of race discrimination, fraud, perjury, or duress.

A.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a)(1). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

B.

Plaintiff has failed to allege a cognizable claim arising under federal law. When asked to explain the basis for federal subject matter jurisdiction, plaintiff responded, "Respectfully request, why not?" (*See* Mag. J. Interrog. #6). Asked twice to specify the factual and legal basis of her claims, plaintiff indicated that her dispute with the bank involved $75.00 in overdraft charges. (*See* Mag. J. Interrog. #1; Sec. Mag. J. Interrog. #1). No facts are alleged by plaintiff to support a claim of race discrimination, or any other claim arising under the Constitution, laws, or treaties of the United States.

Nor is there any basis for federal diversity jurisdiction. Although plaintiff and the bank are citizens of different states, it is clear that the amount in controversy does not exceed $75,000. Rather, plaintiff seeks restitution of three overdraft charges totaling $75.00. (*See* Plf. Compl. at 1; Sec. Mag. J. Interrog. #1).[1] Because there is no basis for federal subject matter jurisdiction, this case must be dismissed.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

---

[1] Although plaintiff initially indicated that she sought $48 million in damages, (*see* Mag. J. Interrog. #6), a subsequent interrogatory answer clarified that she is "owed $75.00 for return of improper overdraft fees, compensation and damages." (*See* Sec. Mag. J. Interrog. #1). In determining the true amount in controversy, the court looks beyond plaintiff's initial allegation, which clearly was not made in good faith, and instead relies on her interrogatory answer asking for $75.00 in damages. *See Lester v. Lester*, No. 3-06-CV-1357-BH, 2009 WL 3573530 at *4 (N.D. Tex. Oct. 29, 2009), *quoting Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961) ("When it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith, [ ] courts may look beyond a plaintiff's allegations.") (internal quotations omitted).

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 25, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE